UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

                                              Chapter 11

143 Court St. Associates LLC,

                                              Case No. 25-41056-nhl

                         Debtor.
----------------------------------------------------------X

## STIPULATION AND MEDIATION ORDER

IT IS HEREBY STIPULATED AND AGREED by and between 143 Court Street Associates, LLC, Meir Hillel, Habib Tawil and Lily Tawil (each, a "Party", and collectively, the "Parties"):

1. The Parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation").

2. The Parties jointly accept Martin G. Bunin, Esq. to provide mediation services to them (the "Mediator").

3. The Mediation shall be non-binding.

4. The Mediator shall not have authority to render a decision that shall bind the parties.

5. The Parties are not obligated to agree to any proposals which are made during the Mediation.

6. No Party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the Parties enter into a written and signed agreement.

7. The Mediator may meet in private conference with less than all of the Parties.

8. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the Party who provided that information agrees to its disclosure.

9. The Mediator shall not, without the prior written consent of the Parties, disclose to the Court any matters which are disclosed to him by any of the Parties or any matters which otherwise relate to the Mediation.

10. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any Party or a Party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11. The Mediator and his agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

12. The Parties, and each of them, (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediator.

13. The Mediator's hourly rate is $970.00. Meir Hillel, on the one hand, and Habib and Lily Tawil, on the other hand, shall each pay to the Mediator a $5,000 retainer no later than five days after the execution of this stipulation by the Parties. If the mediation concludes and the mediation fee and expenses are less than $10,000, the Mediator will refund the balance. If the mediation fees and expenses are more than the retainers, the Mediator will bill Meir Hillel and Habib/Lily Tawil equally for the amount above the retainers.

14. Meir Hillel, on the one hand, and Habib and Lily Tawil, on the other hand, agree that any disputes regarding the Mediator's fees and expenses will be determined by the Court pursuant to a fee application in letter form filed by the Mediator and any objections filed by the Parties.

15. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

Dated: As of July 3, 2025                                    143 COURT STREET ASSOCIATES LLC

By: */s/ Habib Tawil*

*/s/ Meir Hillel*
MEIR HILLEL                                                    HABIB TAWIL, Manager

*/s/ Lily Tawil*
LILY TAWIL

Consented to: */s/ Martin Bunin*
MARTIN G. BUNIN, Mediator

IT IS SO ORDERED



Dated: July 17, 2025
Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge